## GEIGER v. BOLLES.

*Power of attorney — construed strictly.*

An agent had a power of attorney in respect to certain lands, which gave him full power to sell such lands or to lease the same, to demand all moneys due on contracts of sale and to prosecute suits in respect to the lands, etc.

*Held,* that such agent was not authorized under such power to assign a suit for trespass upon the lands.

Powers of attorney and all special powers are to be construed strictly, and the general words are to be construed in reference to the particular terms which form the subject-matter of the instrument in furtherance of, but in subordination to, the general power conferred.

THIS is an action commenced by the plaintiff as an assignee of Charlotte Brinkerhoff and Louise Troup, to recover damages for a trespass upon their lands in cutting and removing timber.

The land was, subsequent to the trespass, sold to said assignee by said assignors by an agent, under a full power to sell such lands or lease the same, and to demand all moneys due on contracts of sale, and to prosecute suits in respect to such, and employ attorneys as should be requisite in the discharge of such trust. The claim for damages arising from the trespass was also assigned to plaintiff by the agent.

The cause came on for trial at the Livingston circuit, when the plaintiff, after proving the contract to sell such lands, the power of attorney and the assignment by the attorney of this cause of action and the trespass, rested, and was nonsuited upon the ground that the power of attorney did not authorize an assignment of the cause of action, and the exceptions to such decision were ordered to be heard in the first instance at the general term.

*Van Derlip & Smith,* for plaintiff.

*D. H. Holliday,* for defendant.

E. D. SMITH, J. It seems to me that the decision of the circuit was correct, and that the exception thereto is not well taken.

Powers of attorney, and all special powers, are to be construed strictly, and the general words are to be construed in reference to

the particular terms which form the subject-matter of the instrument and in furtherance of, but in subordination to, the general power conferred.  In this case, the agent had power to sell or lease the lands in question and to take charge of the same, to demand and collect all moneys due, or to grow due, upon any contracts, leases or securities, to prosecute suits for his principals and employ attorneys to appear for them.  He doubtless had power to institute suits in the name of the principals for trespass on their lands or to protect their rights and interests therein.  But this suit was brought to enforce a right of action pre-existing at and before the giving of such power.

While the agent might have prosecuted such right of action and settled with the defendant for such trespass, he had no power to assign the cause of action.  It has been frequently held that, while an attorney has power to collect and receive payment of a debt, he has no power to compromise or sell it without the express authority of his client.

In *Garrigue* v. *Loescher*, 3 Bosw. 575, it was held that a power to enforce a claim in court or otherwise and employ attorneys, etc., did not warrant an assignment of the claim.

We think that it was an excess of authority, as derived from the power of attorney, to sell and assign the cause of action for which this suit was brought, and that the decision at the circuit was right and the motion for a new trial should be denied.

